# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for INDYMAC BANK, F.S.B., <br><br>　　　　　　　　Plaintiff, <br><br>vs. <br><br>STEVEN C. SIMON., *et al.*, <br><br>　　　　　　　　Defendants. | Case No. 2:11-cv-01001-GMN-GWF <br><br>**ORDER** <br><br>Motion to Stay Discovery and FRCP 26(f) Meeting of Counsel (#21) |

This matter comes before the Court on Plaintiff Federal Deposit Insurance Corporation as Receiver for Indymac Bank, F.B.S.'s Motion to Stay Discovery and FRCP 26(f) Meeting of Counsel (#21), filed on September 13, 2011; Defendant Simon's Opposition to Plaintiff's Motion to Stay Discovery and FRCP 26(f) Meeting of Counsel (#22); and Plaintiff's Reply in Support of Motion to Stay Discovery and FRCP 26(f) Meeting of Counsel (#23), filed on October 6, 2011.

## BACKGROUND

This case arises out of an appraisal prepared by Speights and Simons which IndyMac allegedly relied on when funding a loan in the amount of $800,000, as a cash-out second mortgage secured by real property located in Henderson, Nevada (Property). Plaintiff's claim that Defendant Speights' and Simons' appraisal was inaccurate and significantly overestimated the market value of the Property. As a result, the Plaintiff's filed their Complaint (#1) on June 17, 2011 alleging claims for breach of contract, negligent misrepresentation and violation of NRS 645C.470 (Nevada statue governing appraisers of real estate). On July 25, 2011, Defendant Simon filed a Motion to Dismiss or in the Alternative to Strike or for a More Definite Statement Portions of the Complaint (#10). FDIC filed its

1  opposition on August 11, 2011 (#16), and Simon's replied on August 22, 2011. (#17).  The Motion to
2  Dismiss is currently pending before the Court.
3       After several failed attempts to perfect service on Defendant Speights, FDIC requested
4  permission from the Court to serve Defendant Speights by publication.  The Court granted FDIC's
5  request to serve via publication and further ordered such publication be completed by November 1,
6  2011. (*See* # 20.)  On October 13, 2011, FDIC filed proof of service on Defendant Speights.  (*See* # 24.)
7  In their motion, the FDIC requests the Court stay discovery and the FRCP 26(f) conference pending the
8  disposition of the motion to dismiss and service upon Defendant Speights.

## **DISCUSSION**

10       Courts have broad discretionary power to control discovery. *See e.g., Little v. City of Seattle*,
11  863 F.2d 681, 685 (9th Cir.1988).  Previous published decisions in this district have addressed the
12  standard to be applied in deciding whether to stay discovery pending a decision on a potentially
13  dispositive motion.  Ordinarily a pending dispositive motion is not "a situation that in and of itself
14  would warrant a stay of discovery." *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175
15  F.R.D. 554, 555–6 (D.Nev.1997) (quoting *Twin City Fire Ins. v. Employers Insurance of Wausau*, 124
16  F.R.D. 652, 653 (D.Nev.1989)).  Common examples of such situations are when jurisdiction, venue, or
17  immunity are preliminary issues. *Id*.  Ultimately, the party seeking the stay "carries the heavy burden of
18  making a 'strong showing' why discovery should be denied." *Id*. (citing *Blankenship v. Hearst Corp.*,
19  519 F.2d 418, 429 (9th Cir.1975)).   "Where a party claims that dismissal is likely, it requires the Court
20  to make a preliminary finding of the likelihood of success on the motion." *Id.* (citation omitted).
21       Here, Plaintiff seeks to stay discovery based on Defendant's Motion to Dismiss and the lack of
22  service on Defendant Speights.  Plaintiff's arguments however are unavailing.  Although at the time this
23  instant motion was filed, Defendant Speight had yet to be served,  on October 13, 2011 Plaintiff filed
24  proof of service on Defendant Speights.  (*see* #24).  Therefore,  Plaintiff's only remaining basis for the
25  stay is Defendant's pending Motion to Dismiss (#10).
26       Generally, the party who filed the motion to dismiss is the party requesting the stay of discovery,
27  arguing that the motion to dismiss will likely be granted on its merits, and therefore allowing the parties
28  to continue with discovery would be futile.  Here, however, Plaintiff brings this motion to stay based on

Defendant's Motion to Dismiss (#10).  Plaintiff's argument that discovery should be stayed in light of the pending motion is undermined by Plaintiff's Opposition to Defendant's Motion to Dismiss (*see* #16), where Plaintiff argues that the motion to dismiss must be denied.  Plaintiff further argues that the stay of discovery should be granted because "in remote chance that portions of Simon's request are granted, discovery as to those issues may be limited." (*See Plaintiff's Motion for Stay* ( #21) at 4.)   The Court will not stay discovery in this case based on a "remote chance."  The Court therefore finds that Plaintiff has not met their "heavy burden" of making a "strong showing" that discovery should be stayed.  *See Turner Broadcasting System, Inc.,* 175 F.R.D. at 555–6.

Plaintiff additionally indicates that the requisite FRCP 26(f) conference has not been scheduled or conducted.  Pursuant to LR 26-1, the parties were required to meet and/or confer as required by Fed. R. Civ. P. 26(f) within 30 days after the first defendant answered or otherwise appeared, and 14 days thereafter to file a mandatory stipulated discovery plan and scheduling order.  Here, Defendant Simons made an appearance on July 25, 2011 with the filing of his Motion to Dismiss.  Therefore, the parties should have already met and conferred as required by FRCP 26(f), and submitted a stipulated discovery plan and scheduling order.  The Court therefore orders the parties to submit a stipulated discovery plan and scheduling order within ten (10) days of the entry of this order.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Federal Deposit Insurance Corporation as Receiver for Indymac Bank, F.B.S.'s Motion to Stay Discovery and FRCP 26(f) Meeting of Counsel (#21) is **denied.**

**IT IS FURTHER ORDERED** that the parties are to meet and confer and  file a stipulated discovery plan and scheduling order, as required by LR 26-1, within **ten (10) days** from the entry of this order.

DATED this 18th day of October, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge