1

2

3

4

5    **UNITED STATES DISTRICT COURT**

6    **DISTRICT OF NEVADA**

7

8    FEDERAL DEPOSIT INSURANCE              )
     CORPORATION as receiver for INDYMAC    )
9    BANK, F.S.B.,                          )
                                            )    Case No. 2:11-cv-01001-GMN-GWF
10                         Plaintiff,        )
                                            )
11   vs.                                    )    **ORDER**
                                            )
12   STEVEN C. SIMON., *et al.,*            )    Motion to Stay Discovery and FRCP 26(f)
                                            )    Meeting of Counsel (#21)
13                         Defendants.       )
     _____    )

14

15           This matter comes before the Court on Plaintiff Federal Deposit Insurance Corporation as

16   Receiver for Indymac Bank, F.B.S.'s Motion to Stay Discovery and FRCP 26(f) Meeting of Counsel

17   (#21), filed on September 13, 2011; Defendant Simon's Opposition to Plaintiff's Motion to Stay

18   Discovery and FRCP 26(f) Meeting of Counsel (#22); and Plaintiff's Reply in Support of Motion to

19   Stay Discovery and FRCP 26(f) Meeting of Counsel (#23), filed on October 6, 2011.

20                                        **BACKGROUND**

21           This case arises out of an appraisal prepared by Speights and Simons which IndyMac allegedly

22   relied on when funding a loan in the amount of $800,000, as a cash-out second mortgage secured by

23   real property located in Henderson, Nevada (Property).   Plaintiff's claim that Defendant Speights' and

24   Simons' appraisal was inaccurate and significantly overestimated the market value of the Property.   As

25   a result, the Plaintiff's filed their Complaint (#1) on June 17, 2011 alleging claims for breach of

26   contract, negligent misrepresentation and violation of NRS 645C.470 (Nevada statue governing

27   appraisers of real estate).   On July 25, 2011, Defendant Simon filed a Motion to Dismiss or in the

28   Alternative to Strike or for a More Definite Statement Portions of the Complaint (#10).   FDIC filed its

1  opposition on August 11, 2011 (#16), and Simon's replied on August 22, 2011. (#17).  The Motion to

2  Dismiss is currently pending before the Court.

3      After several failed attempts to perfect service on Defendant Speights, FDIC requested

4  permission from the Court to serve Defendant Speights by publication.  The Court granted FDIC's

5  request to serve via publication and further ordered such publication be completed by November 1,

6  2011. (*See* # 20.)  On October 13, 2011, FDIC filed proof of service on Defendant Speights.  (*See* # 24.)

7   In their motion, the FDIC requests the Court stay discovery and the FRCP 26(f) conference pending the

8  disposition of the motion to dismiss and service upon Defendant Speights.

9  **DISCUSSION**

10     Courts have broad discretionary power to control discovery. *See e.g., Little v. City of Seattle*,

11  863 F.2d 681, 685 (9th Cir.1988).  Previous published decisions in this district have addressed the

12  standard to be applied in deciding whether to stay discovery pending a decision on a potentially

13  dispositive motion.  Ordinarily a pending dispositive motion is not "a situation that in and of itself

14  would warrant a stay of discovery." *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175

15  F.R.D. 554, 555–6 (D.Nev.1997) (quoting *Twin City Fire Ins. v. Employers Insurance of Wausau*, 124

16  F.R.D. 652, 653 (D.Nev.1989)).  Common examples of such situations are when jurisdiction, venue, or

17  immunity are preliminary issues. *Id*.  Ultimately, the party seeking the stay "carries the heavy burden of

18  making a 'strong showing' why discovery should be denied." *Id*. (citing *Blankenship v. Hearst Corp.*,

19  519 F.2d 418, 429 (9th Cir.1975)).   "Where a party claims that dismissal is likely, it requires the Court

20  to make a preliminary finding of the likelihood of success on the motion." *Id.* (citation omitted).

21     Here, Plaintiff seeks to stay discovery based on Defendant's Motion to Dismiss and the lack of

22  service on Defendant Speights.  Plaintiff's arguments however are unavailing.  Although at the time this

23  instant motion was filed, Defendant Speight had yet to be served,  on October 13, 2011 Plaintiff filed

24  proof of service on Defendant Speights.  (*see* #24).  Therefore,  Plaintiff's only remaining basis for the

25  stay is Defendant's pending Motion to Dismiss (#10).

26     Generally, the party who filed the motion to dismiss is the party requesting the stay of discovery,

27  arguing that the motion to dismiss will likely be granted on its merits, and therefore allowing the parties

28  to continue with discovery would be futile.  Here, however, Plaintiff brings this motion to stay based on

1   Defendant's Motion to Dismiss (#10).   Plaintiff's argument that discovery should be stayed in light of

2   the pending motion is undermined by Plaintiff's Opposition to Defendant's Motion to Dismiss  (*see*

3   #16), where Plaintiff argues that the motion to dismiss must be denied.  Plaintiff further argues that the

4   stay of discovery should be granted because "in remote chance that portions of Simon's request are

5   granted, discovery as to those issues may be limited." (*See Plaintiff's Motion for Stay* ( #21) at 4.)   The

6   Court will not stay discovery in this case based on a "remote chance."  The Court therefore finds that

7   Plaintiff has not met their "heavy burden" of making a "strong showing" that discovery should be

8   stayed.  *See Turner Broadcasting System, Inc.,* 175 F.R.D. at 555–6.

9           Plaintiff additionally indicates that the requisite FRCP 26(f) conference has not been scheduled

10  or conducted.  Pursuant to LR 26-1, the parties were required to meet and/or confer as required by Fed.

11  R. Civ. P. 26(f) within 30 days after the first defendant answered or otherwise appeared, and 14 days

12  thereafter to file a mandatory stipulated discovery plan and scheduling order.  Here, Defendant Simons

13  made an appearance on July 25, 2011 with the filing of his Motion to Dismiss.  Therefore, the parties

14  should have already met and conferred as required by FRCP 26(f), and submitted a stipulated discovery

15  plan and scheduling order.  The Court therefore orders the parties to submit a stipulated discovery plan

16  and scheduling order within ten (10) days of the entry of this order.  Accordingly,

17          **IT IS HEREBY ORDERED** that Plaintiff Federal Deposit Insurance Corporation as Receiver

18  for Indymac Bank, F.B.S.'s Motion to Stay Discovery and FRCP 26(f) Meeting of Counsel (#21) is

19  **denied.**

20          **IT IS FURTHER ORDERED** that the parties are to meet and confer and  file a stipulated

21  discovery plan and scheduling order, as required by LR 26-1, within **ten (10) days** from the entry of this

22  order.

23          DATED this 18th day of October, 2011.

24

25          _____

26          GEORGE FOLEY, JR.
            United States Magistrate Judge

27

28