**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FEDERAL DEPOSIT INSURANCE )
CORPORATION as Receiver for )
INDYMAC BANK, F.S.B., )
) Case No.: 2:11-cv-01001-GMN-GWF
Plaintiff, )
vs. ) **ORDER**
)
STEVEN C. SIMON; SHERRI R. )
SPEIGHTS; and DOES 1 to 5 inclusive, )
)
Defendants. )

Pending before the Court is Defendant Steven Simon's Combined Motion to

Dismiss, or in the Alternative to Strike or For More Definite Statement as to Portions of

the Complaint (ECF No. 10).

**I. BACKGROUND**

Plaintiff Federal Deposit Insurance Corporation (FDIC) filed suit as Receiver for

Indymac Bank, F.S.B. ("IndyMac"), against Defendants Steven Simon and Sherri

Speights. (Compl., ECF No. 1.)  The Clerk has entered default against Defendant

Speights for failure to plead or otherwise defend in this action. (Entry of Default, ECF

No. 29.)  Plaintiff's Complaint alleges three causes of action: (1) Breach of Contract; (2)

Negligent Misrepresentation; and (3) Violation of NRS 645C.470.

The facts alleged by Plaintiff are as follows: IndyMac funded an $800,000 loan for

Sam Cherry as a cash-out second mortgage secured by the real property located at 1313

Dilevante Drive, Henderson, Nevada, APN No. 191-01-318-004 ("the Property").

(Compl., 2:¶7.)  Meridias Capital ("Meridias"), a mortgage broker, entered into a valid

contract with BC Appraisal West, LLC, Defendant Simon and Defendant Speights

1    (collectively, "the Appraisers") to provide an appraisal on the Property. (Compl., 2-3:¶8.)

2    At the request of the borrower, Meridias assigned the appraisal report to IndyMac. (*Id*. at

3    3:¶8.)  Plaintiff alleges that as assignee of the appraisal report, IndyMac was entitled to

4    and did rely on the appraisal to fund Cherry's loan secured by the Property. (*Id*.)  Plaintiff

5    alleges that the Appraisers were paid a fee for their efforts and that the Uniform

6    Residential Appraisal Report ("the Appraisal"), ultimately prepared by the Appraisers on

7    May 16, 2007, was not an accurate appraisal in that it significantly overestimated the

8    market value of the Property. (*Id*. at 3:¶9, 5:¶13.)  As to Defendant Speights, Plaintiff

9    alleges that she signed the Appraisal and accepted all terms and fiduciary duties. (*Id*. at

10   5:¶13.)  Plaintiff alleges that Defendant Simon signed the Appraisal as a supervisory

11   appraiser and accepted all terms and fiduciary duties. (*Id*.)

12          Under the Breach of Contract Claim for Relief, Plaintiff alleges that Defendants

13   "(1) misrepresented the value of the property; (2) used improper and negligently selected

14   comparable sales; and (3) misrepresented characteristics of the certain comparable

15   properties' sales and listing status," but do not clearly state what contract these actions

16   violate. (*Id*. at 7:¶19.)  Plaintiff refers to Defendants' breach of "the contracts in that the

17   Appraisals . . .," indicating more than one contract and more than one Appraisal. (*Id*.)

18   Plaintiff also refers to "each appraisal" and "these agreements" and "the Appraisals"

19   under this same Claim for Relief. (*Id*. at 5:¶¶16-17.)  However, nowhere in the Complaint

20   do Defendants describe two contracts or two Appraisals.

21          Under the Negligent Misrepresentations Claim for Relief, Plaintiff alleges that

22   "Defendants owed IndyMac, as assignee of the appraisal report, a duty to act in

23   accordance with the law and in accordance with custom, practices and standards of

24   conduct of an appraiser prevailing in the industry." (*Id*. at 8-9:¶26.)  "In breach of that

25   duty," Plaintiff alleges the same acts described under the Breach of Contract Claim for

1 | Relief, that Defendants "(1) misrepresented the value of the property; (2) used improper

2 | and negligently selected comparable sales; and (3) misrepresented characteristics of the

3 | certain comparable properties' sales and listing status." (*Id*. at 9:¶27.)  Plaintiff also

4 | alleges that Defendants misrepresented the value of the Property at $3.275 million in

5 | preparing the Appraisal. (*Id*. at 7:¶23.)

6 |    Under the Claim for Relief alleging Violation of NRS 645C.470, Plaintiff  alleges

7 | that Defendants are both certified and/or licensed Appraisers as defined in NRS

8 | 645C.040, and that they prepared an Appraisal of the Property as defined in NRS

9 | 645C.030, which misrepresented the value of the Property at $3.275 million. (*Id*. at

10 | 9:¶32-34.)  Plaintiff alleges that the actions taken by Defendants in preparing the

11 | Appraisal violated NRS 645C.470, and that Plaintiff suffered damages as a result. (*Id*. at

12 | 11:¶¶37-39.)  However, Plaintiff does not allege the existence of a private right of action

13 | under this statute.

14 | **II. LEGAL STANDARD**

15 |    Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of

16 | action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v.*

17 | *Arizona Corp. Comm'n*., 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion

18 | to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only

19 | when the complaint does not give the defendant fair notice of a legally cognizable claim

20 | and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

21 | (2007).  In considering whether the complaint is sufficient to state a claim, the Court will

22 | take all material allegations as true and construe them in the light most favorable to the

23 | plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

24 |    The Court, however, is not required to accept as true allegations that are merely

25 | conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v.*

1   *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a

2   cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts

3   showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

4   1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

5          A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure

6   41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San*

7   *Bernardino Police Dept*., 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that

8   a plaintiff's complaint contain "a short and plain statement of the claim showing that the

9   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints"

10  should be dismissed because "they impose unfair burdens on litigants and judges."

11  *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).

12         Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a

13  pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

14  matter."  Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a

15  more definite statement of a pleading to which a responsive pleading is allowed but

16  which is so vague or ambiguous that the party cannot reasonably prepare a response."

17         If the court grants a motion to dismiss, it must then decide whether to grant leave

18  to amend.  The court should "freely give" leave to amend when there is no "undue delay,

19  bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing

20  party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P.

21  15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only

22  denied when it is clear that the deficiencies of the complaint cannot be cured by

23  amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

24  ///

25  ///

1

### III. DISCUSSION

2      Defendant Simon seeks dismissal pursuant to Rule 12(b)(6) on the grounds that

3  Plaintiff fails to plead sufficient facts to state a cognizable legal theory on which relief

4  can be granted in any of Plaintiff's causes of action.  In the alternative, and pursuant to

5  Rule 12(f) and Rule 12(e), Defendant  asks the Court to strike any portions of Plaintiff's

6  Complaint that survive the 12(b)(6) motion or to order Plaintiff to provide a more definite

7  statement.  For the reasons discussed below, the Court will grant the 12(b)(6) motion and

8  will deny Defendant Simon's motions to strike and to order a more definite statement.

9  The Court will further give Plaintiff leave to file an amended complaint within twenty-

10  one (21) days of the issuance of this order.

11      **A. Breach of Contract claim**

12      A claim for breach of contract must allege (1) the existence of a valid contract; (2)

13  that plaintiff performed or was excused from performance; (3) that the defendant

14  breached the terms of the contract; and (4) that the plaintiff was damaged as a result of

15  the breach. *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000).

16      In the first Claim for Relief under Breach of Contract, Plaintiff does not clearly

17  state the first element required of a claim for breach of contract, i.e., the existence of a

18  valid contract.  Plaintiff does not adequately allege the basis on which Plaintiff is a third-

19  party beneficiary to the contract, and worse, does not clearly state which contract or

20  contracts Defendants are alleged to have breached.  Plaintiff refers to "contracts" and

21  "Appraisals" in the plural, but only appears to describe one contract, the May 16, 2007

22  Appraisal.  Accordingly, the Court agrees with Defendant Simon in that Plaintiff's

23  allegations are confusing and the Complaint fails to adequately plead breach of contract

24  pursuant to Rule 8 and Rule 12(b)(6).  Therefore, this claim will be dismissed.  Because

25  ///

1    the Court does not find that it is clear that the deficiencies of the claim cannot be cured by

2    amendment, Plaintiff is given leave to amend.

3    **B. Negligent Misrepresentations claim**

4    To state a claim for negligent misrepresentation, a plaintiff must allege: (1) a

5    representation that is false; (2) that the representation was made in the course of the

6    defendant's business or in any action in which he has a pecuniary interest; (3) the

7    representation was for the guidance of others in their business transactions; (4) the

8    representation was justifiably relied upon; (5) that such reliance resulted in pecuniary loss

9    to the relying party; and (6) that the defendant failed to exercise reasonable care or

10   competence in obtaining or communicating the information. *G.K. Las Vegas Ltd. P'ship*

11   *v. Simon Prop. Group, Inc.*, 460 F.Supp.2d 1246, 1262 (D. Nev. 2006).  A negligent

12   misrepresentation claim must be pled with particularity as required by Federal Rule of

13   Civil Procedure 9(b). *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F.Supp. 2d 1086,

14   1093 (C.D. Cal. 1999); *Kennedy v. Carriage Cemetery Servs., Inc.*, 727 F.Supp. 2d 925,

15   932 (D. Nev. 2010).

16   Defendant Simon argues that as a matter of law an appraisal is a statement of

17   opinion and therefore not actionable under negligent misrepresentation.  Defendant

18   Simon supports this argument solely with a citation to one case, *Sardinas v. Geithner*,

19   No. 2:10-cv-00501-JCM-RJJ, 2010 WL 3025601, at *2, 2010 U.S. Dist. LEXIS 90257, at

20   *5-6 (D. Nev. July 30, 2010).  In *Sardinas*, the court granted the defendant's motion for

21   judgment on the pleadings on several grounds, including its finding that "defendant's

22   estimate of the property value was an opinion" and that plaintiffs could not establish that

23   [the appraiser] misrepresented a material fact. *Id*.  Plaintiff responds to this argument

24   with multiple citations to Nevada case law and California case law recognizing that a

25   lender may sue an appraiser for negligent misrepresentations based on misrepresentations

1   made in an appraisal.  Defendant  does not address the case law cited by Plaintiff.

2   Accordingly, the Court is not persuaded by Defendant's argument and declines to dismiss

3   Plaintiff's claim for negligent misrepresentation on that basis.

4          However, the Court does find that Plaintiff's claim for negligent misrepresentation

5   fails to meet the heightened pleading requirements of Rule 9(b), in that Plaintiff does not

6   state with particularity the circumstances constituting the alleged negligent

7   misrepresentation.  Plaintiff must explain the who, what, where, why and when of the

8   alleged negligent misrepresentation, including all the parties involved in the appraisal, the

9   specific basis on which the appraisal is alleged to be a negligent misrepresentation, and

10  the specific damages suffered by Plaintiff.  Accordingly, this claim will be dismissed for

11  failure to plead with adequate specificity.  Because the Court does not find that it is clear

12  that the deficiencies of the claim cannot be cured by amendment, Plaintiff is given leave

13  to amend.

14          **C. Violation of NRS 645C.470 claim**

15          Nevada law under NRS 645C.470 provides that "[a] certified or licensed appraiser

16  or registered intern is guilty of unprofessional conduct if he or she" engages in any of

17  seven categories of actions:

18          1. Willfully uses a trade name, service mark or insigne indicating
            membership in an organization for appraisers of which he or she is not a
19          member;
            2. Violates any order of the Commission, agreement with the Division,
20          provision of this chapter or provision of any regulation adopted pursuant to
            this chapter;
21          3. Fails to disclose to any person with whom he or she is dealing any
            material fact or other information he or she knows, or in the exercise of
22          reasonable care and diligence should know, concerning or relating to any
            real estate he or she appraises, including any interest he or she has in the
23          real estate;
            4. Knowingly communicates a false or fraudulent appraisal to any
24          interested person or otherwise engages in any deceitful, fraudulent or
            dishonest conduct;
25

1
2
3
4
5

5. Prepares or provides or enters into a contract to prepare or provide an appraisal if his or her compensation is based partially or entirely on, or is otherwise affected by, the amount of the appraised value of the real estate;
6. Before obtaining a license or registration card, engaged in any conduct of which the Division is not aware that would be a ground for the denial of a certificate, license or registration card; or
7. Makes a false statement of material fact on his or her application.

6
7

However, the statute does not provide for private causes of action where an appraiser is accused of violating NRS 645C.470.

8
9
10
11
12
13
14
15

In response to Defendant's motion to dismiss the third claim, Plaintiff appears to concede that no private right of action exists under the statute and instead appears to argue that the claim actually alleges a variation on a claim of negligence.  Defendant argues correctly that this attempt to recast the claim should properly be in the form of a request for leave to amend the pleadings.  Accordingly, this claim will be dismissed for failure to state a claim on which relief may be granted.  Because the Court does not find that it is clear that the deficiencies of the claim cannot be cured by amendment, Plaintiff is given leave to amend.

16

## IV. CONCLUSION

17
18
19
20
21

**IT IS HEREBY ORDERED** that Defendant Steven Simon's Combined Motion to Dismiss, or in the Alternative to Strike or For More Definite Statement as to Portions of the Complaint (ECF No. 10) is **GRANTED in part** and **DENIED in part**.  The Court grants the Motion to Dismiss as to all claims, and denies the Motion to Strike or For More Definite Statement.

22

///

23

///

24

///

25

///

1

   **IT IS FURTHER ORDERED** that Plaintiff FDIC is given leave to file an

2

amended complaint within twenty-one (21) days of this order.

3

   DATED this __4__ day of April, 2012.

4

5

6

_____

Gloria M. Navarro

United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25